UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **LISA HILL** | **CIVIL ACTION NO. 22-1299** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE ELIZABETH E. FOOTE** |
| **CITY OF BOSSIER, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Lisa Hill, who proceeds pro se and in forma pauperis, filed this proceeding on May 13, 2022, under 42 U.S.C. § 1983. She names the following defendants: City of Bossier, Detective Briton W. Hampson, Officer M.D. Welch, Officer T.G. Gillis, and Officer R. Goodrich.[1] For reasons below, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff states that the events giving rise to her claims occurred on June 23, 2019. [doc. #s 1, p. 4; 8, p. 1].

Plaintiff claims that while she was handcuffed, unarmed, not resisting arrest, and not posing a threat to anyone, Officer Hampson utilized excessive force in view of her daughter and Officer Welch, smashing her face into a wall and jamming her right shoulder. [doc. #s 1, pp. 7, 10; 8, p. 4]. She suffered an injury to her left eye, which has "been running teary periodically since . . . June 23, 2019." [doc. # 8, p. 1].

Alleging that her eye felt "strange since" the use of force, Plaintiff claims that Hampson "bugged" her eye "some type of way[.]" [doc. # 8, p. 1].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

Plaintiff attaches medical records demonstrating that she received an examination and treatment for her shoulder on July 16, 2019, at Willis Knighton Medical Center. [doc. # 8-1, p. 2].

Alleging that Detective Hampson "put false allegations on" her, Plaintiff suggests that Hampson falsely arrested her. [doc. # 1, p. 7]. Hampson charged her with cruelty to a juvenile, but the charge was dismissed. *Id.* at 9. She claims that to "cover up" his excessive force, Hampson also charged her with resisting an officer. *Id.* Thereafter, she was convicted of resisting an officer. [doc. # 8, pp. 1-2].

Plaintiff claims that Hampson arrested her in retaliation for an event that occurred on March 3, 2018, when "authorities allow[ed] [a] man to touch [her] minor child." [doc. # 1, pp. 7, 11]. She attaches a police incident report in which Officer Hampson states that on March 3, 2018, he investigated Plaintiff's complaint that, while she was shopping at Dollar Mania, a male committed a simple battery by touching someone's[2] hand. [doc. # 8-1, pp. 4-7].

Plaintiff states that Hampson "was the arresting officer and the only officer handling this situation." [doc. # 1, p. 7]. She claims that Officer Gillis lied under oath when he said that he, rather than Hampson, was the arresting officer. *Id.*

Plaintiff was transported to the "Plain Dealing Max" jail. *Id.* at 8. She claims that at the jail and in view of Officers Gillis and Welch, Officer Goodrich, a female officer, touched Plaintiff's gluteus maximus inappropriately with the "front part of her body." *Id.* Plaintiff told Goodrich to "get off" her, and Goodrich allegedly responded that this was "just the beginning." *Id.* Plaintiff replied, "No[,] it's the end . . . ." [doc. # 8, p. 6].

---

[2] The identity of the alleged victim is redacted. [doc. # 8-1, p. 6].

Plaintiff claims that, at the jail, "they" placed a Mexican female—the same female that allegedly followed Plaintiff on March 3, 2018—in Plaintiff's cell and gave the female a string with which to strangle Plaintiff. *Id.* Plaintiff states, however, that the female did not attempt to strangle her. *Id.*

Plaintiff states that "they" did not give her attorneys "the first 911 call C.D." *Id.* at 10. She adds that "they plan[ned] this against [her] because of [their] authority." *Id.*

Plaintiff states that she filed a motion to reconsider her sentence, but she has not received a response. *Id.* at 11.

Plaintiff suffered mental and emotional distress, and she obtained treatment from a physician through video calls. *Id.* at 5. She seeks $5,000,000.00 in compensatory damages and $10,000,000.00 in punitive damages.

## Law and Analysis

**1. Preliminary Screening**

Because Plaintiff is proceeding in forma pauperis, her Complaint is subject to screening under § 1915(e)(2). Section 1915(e)(2)(B) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

3

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926

F.2d 480, 483 n.4 (5th Cir. 1991).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. *Heck v. Humphrey***

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a successful civil rights action that would necessarily imply the invalidity of a plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. Courts assess "whether a claim is temporally and conceptually distinct from the related conviction and sentence." *Smith v. Hood*, 900 F.3d 180, 185 (5th Cir. 2018) (internal quotation marks and quoted source omitted). Courts "ask whether the claims are necessarily inconsistent with the conviction, or whether they can coexist with the conviction or sentence without calling [it] into question." *Id.*

Here, prevailing on the excessive force claim would necessarily imply the invalidity of Plaintiff's resisting-an-officer conviction. As above, Plaintiff claims that Officer Hampson utilized excessive force while she was handcuffed, unarmed, and not a threat to anyone. She maintains that she did not resist arrest. [doc. # 1, p. 10]. If, for example, Plaintiff establishes that Officer Hampson used excessive force because Plaintiff did not resist the officer, she will

5

have established that her resisting-an-officer conviction is invalid.[3] Plaintiff does not distinguish, temporally or conceptually, the facts underlying her conviction from the alleged use of excessive force. Her claim is necessarily inconsistent with her conviction.

Plaintiff also alleges that Hampson utilized excessive force in view of Officer Welch. To the extent Plaintiff suggests that Officer Welch failed to intervene to stop Hampson's alleged use of excessive force, the ostensible claim is barred under *Heck* too.

Prevailing on the failure-to-intervene/bystander liability claim would necessarily imply the invalidity of Plaintiff's resisting-an-officer conviction. "[A]n officer is liable for failure to intervene when that officer: (1) knew a fellow officer was violating an individual's constitutional rights, (2) was present at the scene of the constitutional violation, (3) had a reasonable opportunity to prevent the harm but nevertheless, (4) chose not to act." *Timpa v. Dillard*, 20 F.4th 1020, 1038 (5th Cir. 2021), *cert. denied,* 142 S. Ct. 2755 (2022) (quoted source omitted). Here, to prevail, Plaintiff must establish that Officer Welch knew that Officer Hampson was violating her constitutional rights by utilizing excessive force.[4] As above, if

---

[3] *See Arnold v. Town of Slaughter*, 100 F. App'x 321, 325 (5th Cir. 2004) (finding, where a plaintiff alleged that he did nothing wrong and was viciously attacked for no reason, that the claim was barred because it squarely challenged the factual determination that underlay his conviction for resisting an officer); *Ducksworth v. Rook*, 647 F. App'x 383, 386 (5th Cir. 2016) (finding, where the plaintiff was convicted of resisting arrest, disorderly conduct, and assault on a police officer, that the plaintiff's excessive-force claims were barred under *Heck* because "[h]is complaint present[ed] a single narrative of an unprovoked police attack; his 'broad claims of innocence relate[d] to the entire arrest encounter, and not merely a discrete part of it.'" (*quoting Daigre v. City of Waveland, Miss.*, 549 F. App'x 283, 287 (5th Cir. 2013)); *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007) ("DeLeon still thinks he's innocent. His federal complaint contradicts his confession in Texas court, belying any suggestion on appeal that he has accepted his 'conviction' for aggravated assault, and challenges only the shooting.").

[4] *See Griffin v. City of Sugarland, Texas*, 787 F. App'x 244, 245 (5th Cir. 2019) ("Because his excessive force claim fails because there was no violation of his constitutional rights, Griffin's bystander liability theory also fails.").

Plaintiff establishes that Hampson utilized excessive force, she will have established that her resisting-an-officer conviction is invalid.[5]

Next, prevailing on the false arrest claim would necessarily imply the invalidity of Plaintiff's resisting-an-officer conviction. "'[F]alse arrest . . . claims challenge the existence of probable cause and, thus, by their essence are collateral attacks on a criminal judgment's validity.'" *Thomas v. Pohlmann*, 681 F. App'x 401, 406 (5th Cir. 2017) (*quoting Cormier v. Lafayette City-Par. Consol. Gov't*, 493 Fed. App'x. 578, 583 (5th Cir. 2012)). When a plaintiff is found guilty on a charge for which she was arrested, allowing her to proceed on a false arrest claim "would necessarily implicate the validity of [her] convictions because the same conduct that formed the probable cause for [her] arrest also provided the basis for [his] convictions." *Id.* (*citing Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995) ("[The plaintiff's] proof to establish his false arrest claim, i.e., that there was no probable cause to arrest [for the crime for which he was ultimately convicted], would demonstrate the invalidity of [the conviction].")).

That the State dismissed one charge—but not all charges—arising from Plaintiff's arrest is of no consequence. Plaintiff plainly seeks relief for the allegedly unlawful *arrest* from which her conviction arose. "The specific crimes charged are irrelevant if the § 1983 claims would cause a civil judgment in the plaintiff's favor to 'collide' with the criminal judgment. It also is immaterial that the plaintiff was not convicted on every count charged." *Cormier*, 493 F. App'x at 583-85 (internal quotation marks and quoted sources omitted). "False-arrest and malicious-

---

[5] *See Roberson v. Collier*, 2021 WL 2583569, at *6 (W.D. Tex. June 2, 2021), *appeal dismissed sub nom. Roberson v. Lumpkin*, 2021 WL 6201285 (5th Cir. July 29, 2021) (finding that because "the claims of excessive force must be dismissed pursuant to *Heck*[,]" then any claim that other defendants failed to protect the plaintiff from that excessive force "would be barred because they would require a determination that there was excessive force, and thus would conflict with Plaintiff's disciplinary conviction.").

7

prosecution claims—as attacks on probable cause—focus on the validity of the arrest." *Id.* "Claims for false arrest focus on the validity of the arrest, not on the validity of each individual charge made during the course of the arrest." *Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001). Thus, "[i]f there was probable cause for any of the charges made . . . then the *arrest* was supported by probable cause, and *Heck* applies." *Wells*, 45 F.3d at 95.

Finally, to recapitulate, Plaintiff claims that Hampson arrested her in retaliation for an event that occurred on March 3, 2018, when "authorities allow[ed] [a] man to touch [her] minor child." [doc. # 1, pp. 7, 11]. Prevailing on the retaliatory arrest claim would necessarily imply the invalidity of Plaintiff's conviction because a "plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1724 (2019).

Accordingly, Plaintiff may not seek relief for her claims of excessive force, failure to intervene/bystander liability, false arrest, and retaliatory arrest until her conviction is reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. The Court should dismiss these claims.

## 3. Perjury

Plaintiff claims that Officer Gillis lied under oath when he said that he, rather than Officer Hampson, was the arresting officer. [doc. # 1, p. 7].

"Police officers are absolutely immune from liability for their allegedly perjurious testimony." *Propes v. Wolf*, 178 F. App'x 388, 389 (5th Cir. 2006); *see Brown v. Jones*, 24 F.3d 238 (5th Cir. 1994). Thus, the Court should dismiss this claim.

## 4. Statute of Limitations

Alleging that her eye felt "strange since" the use of force, Plaintiff claims that Officer Hampson "bugged" her eye "some type of way[.]" [doc. # 8, p. 1].

Plaintiff was transported to the "Plain Dealing Max" jail. *Id.* at 8. She claims that at the jail and in view of Officers Gillis and Welch, Officer Goodrich, a female officer, touched Plaintiff's gluteus maximus inappropriately with the "front part of her body." *Id.*

Plaintiff claims that at the jail, "they" placed a Mexican female—the same female that allegedly followed Plaintiff on March 3, 2018—in Plaintiff's cell and gave the female a string with which to strangle Plaintiff. *Id.*

Of import, Plaintiff states that the events giving rise to these claims occurred on June 23, 2019. [doc. #s 1, p. 4; 8, p. 1].

District courts are authorized to dismiss claims as frivolous if "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period sua sponte. *See Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999).

The statute of limitations for Section 1983 actions is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1984). Thus, Louisiana's one-year personal injury statute of limitations, under LA. CIV. CODE art 3492, applies here. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).

However, the date of accrual for a Section 1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516 (*quoting Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981)). In other

9

words, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Brockman*, 397 F. App'x at 22.

Here, Plaintiff's claims above accrued on June 23, 2019. Plainly, Plaintiff knew or had reason to know of these alleged violations the day they occurred. Plaintiff had one year from that date, or until June 23, 2020, to file her claims. As Plaintiff did not file the claims until May 13, 2022, the statute of limitations bars the claims.[6]

### 5. Conclusory Claims

Plaintiff states that "they" did not give her attorneys "the first 911 call C.D." She adds that "they plan[ned] this against [her] because of [their] authority." To the extent Plaintiff intends to present a claim for relief—as opposed to simply providing narrative—she fails to identify a responsible defendant. *See Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 421 (5th Cir. 2017) (dismissing a claim that supervisory officials failed to correctly house the plaintiff because despite the magistrate judge's instruction to "state what each defendant did[,]" the plaintiff did not identify a responsible defendant).[7] The Court should dismiss this claim.

In addition, Plaintiff names the City of Bossier as a defendant, but she does not set forth any allegations against this defendant.[8] A complaint fails to state a claim on which relief may be

---

[6] The limitations period is subject to state tolling and equitable tolling in certain circumstances, but Plaintiff does not allege or suggest that such circumstances were present before she filed this proceeding.

[7] *See also Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 243 (5th Cir. 2021) ("The court disregards bare assertions of collective responsibility, unsupported by concrete factual allegations."); *Jones v. Hosemann*, 812 F. App'x 235, 238–39 (5th Cir. 2020) ("It is not enough for a plaintiff to simply allege that something unconstitutional happened to him. The plaintiff must plead that each defendant individually engaged in actions that caused the unconstitutional harm.").

[8] The undersigned instructed Plaintiff to provide a separate description of what, exactly, each defendant did to violate her rights. [doc. # 6].

granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662. Here, the Court should dismiss the City of Bossier.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Lisa Hill's claims of excessive force, failure to intervene/bystander liability, false arrest, and retaliatory arrest be **DISMISSED WITH PREJUDICE**, as frivolous and for failure to state claims on which relief may be granted, until the *Heck* conditions are met.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claim that Officer Gillis lied under oath be **DISMISSED** as frivolous, for failing to state a claim on which relief may be granted, and for seeking relief from a defendant immune from such relief.

**IT IS FURTHER RECOMMENDED** that the Court **DISMISS** the following claims as untimely, as frivolous, and for failing to state claims on which relief may be granted: (1) that Officer Hampson "bugged" Plaintiff's eye; (2) that Officer Goodrich touched Plaintiff's gluteus maximus inappropriately; and (3) that "they" placed a female in Plaintiff's cell and gave the female a string with which to strangle Plaintiff.

**IT IS FURTHER RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or

response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 12th day of September, 2022.

                                              Kayla Dye McClusky
                                              United States Magistrate Judge